UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & WESSON CORP., : <br><br> Plaintiff, : <br><br> v. : <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, : <br><br> Defendant. : | Civil Action Case No. 04-30138-MAP <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## NATURE OF CLAIM, JURISDICTION, AND VENUE

1.    This is an action for declaratory relief and breach of contract to recover damages sustained by Smith & Wesson Corp ("Smith & Wesson") arising out of existing, actual controversies between Smith & Wesson and Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") concerning its duty to defend Smith & Wesson under one or more of the commercial umbrella liability insurance policies sold by National Union specifically identified in Exhibit "A" hereto.

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, and 15 U.S.C. § 1 et seq.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(1)(c) of the United States District Court for the District of Massachusetts.

## THE PARTIES

4. Plaintiff Smith & Wesson is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Springfield, Massachusetts.

5. Defendant National Union is a Pennsylvania Corporation, with its principal place of business in Pittsburgh, Pennsylvania, that does and transacts business in Massachusetts.

6. National Union sold and issued commercial umbrella liability insurance policies to Smith & Wesson or Smith & Wesson's former parent company, Tomkins PLC, under which Smith & Wesson was, and continues to be, a Named Insured.

7. One or more of the National Union commercial umbrella liability insurance policies issued by National Union are applicable to the underlying claims described, *infra*.

## THE UNDERLYING CLAIMS

8. Smith & Wesson has been named a defendant, along with other firearm sellers and manufacturers, in a number of litigations across the country brought by governmental entities or subdivisions of governmental entities, governmental officials, civil rights organizations, quasi-governmental entities, political action-type organizations, private organizations, groups of individuals, or individuals. Plaintiffs in these underlying actions are collectively referred to herein as "the Entities." A listing of the actions commenced as of the date of this filing is attached hereto as Exhibit "B", and such actions hereinafter collectively are referred to as the "Firearms Litigation."

9. The Entities in the Firearms Litigation seek to recover damages and/or other relief for alleged injuries, damages, costs, abatement costs, or increased costs arising out of the design,

manufacture, sale, distribution, supervision, entrustment, public and/or private nuisance, promotion or advertisement of, or related to handguns by, inter alia, Smith & Wesson.

10. Smith & Wesson has incurred and already has paid substantial sums in defending the Firearms Litigation and will continue in the future to expend substantial sums in defending the claims asserted by the Entities in the Firearms Litigation.

11. Smith & Wesson seeks a declaration that defendant National Union has a duty to defend and/or pay defense costs, including premiums on appeal bonds, if any, incurred by Smith & Wesson in defending the claims asserted by the Entities in the Firearms Litigation.

12. In addition, Smith & Wesson seeks an Order requiring defendant National Union to pay damages for all past, present, and future monetary liabilities, expenses and losses, including consequential losses incurred by Smith & Wesson in connection with the claims asserted by the Entities in the Firearms Litigation as a result of the breach or anticipatory breach or both, of defendant National Union's contractual obligations.

## THE INSURANCE POLICIES

13. Defendant National Union sold Smith & Wesson's parent company - Tomkins PLC - the policies of insurance which are more fully identified in Exhibit "A" hereto.

14. Smith & Wesson is a Named Insured under each and every policy referenced in Exhibit "A."

15. Tomkins PLC and/or Smith & Wesson paid substantial premiums to obtain the policies and each of the policies was in full force and effect at all pertinent times.

16.  In consideration of the premiums paid, each policy requires defendant National Union to defend suits brought against Smith & Wesson even if they may be groundless, false or fraudulent.

## THE INSURANCE CONTROVERSY

17.  Smith & Wesson has incurred substantial fees and costs in connection with the claims asserted by the Entities in the Firearms Litigation and continues to incur additional fees and costs and potential liabilities in connection therewith.

18.  Defendant National Union has failed to honor its obligation to defend Smith & Wesson in the Firearms Litigation and has reserved its rights ultimately to deny coverage for the claims asserted by the Entities in the Firearms Litigation.

19.  To date, defendant National Union has not paid a single penny in defending its insured Smith & Wesson in the Firearms Litigation. In contrast, Smith & Wesson has been forced to pay millions of dollars defending itself in the Firearms Litigation.

20.  Smith & Wesson has complied with all of the terms and conditions precedent, if any, to the insurance policy and/or policies under which it seeks coverage in this action.

21.  The insurance policies at issue obligate defendant National Union to defend Smith & Wesson and/or pay all costs, expenses and liabilities associated with the Firearms Litigation and the claims asserted by the Entities therein.

22.  Smith & Wesson is entitled to the full benefit of the subject insurance policies.

23.  Smith & Wesson has given proper notice of the claims asserted by the Entities and has demanded that defendant National Union fulfill its obligations under its respective policies.

24. Despite Smith & Wesson's demands, defendant National Union has failed to honor its obligations under the insurance policies at issue. Defendant National Union has never agreed to defend Smith & Wesson with respect to the Firearms Litigation.

25. Smith & Wesson reasonably expected defendant National Union to defend and/or pay defense costs for expenses incurred as a result of the Entities' claims in the Firearm Litigation.

26. Defendant National Union's conduct has created uncertainty as to Smith & Wesson's rights and defendant National Union's duties and obligations under the subject insurance policies. Accordingly, Smith & Wesson seeks a declaration of rights from this Court to resolve this doubt and uncertainty.

## COUNT I: DECLARATORY JUDGMENT

27. Smith & Wesson hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 26 of this Complaint, above.

28. Defendant National Union failed to honor and has breached its defense obligations under its respective policies.

29. As such, an actual and justiciable controversy exists between Smith & Wesson and defendant National Union regarding the duties and obligations under the policy or policies issued by defendant with respect to the claims asserted by the Entities in the Firearm Litigation.

30. Smith & Wesson is entitled to a judicial determination and declaration by this Court that defendant National Union is obligated, under its respective policy or policies, to defend Smith & Wesson and/or pay on behalf of Smith & Wesson all defense-related costs and expenses arising from the Firearms Litigation.

## COUNT II- BREACH OF CONTRACT

31.     Smith & Wesson hereby adopts by reference and incorporates herein the allegations paragraphs 1 through 30 of this Complaint, above.

32.     Smith & Wesson has incurred and will continue to incur defense costs in connection with the claims asserted by the Entities in the Firearms Litigation.

33.     Defendant National Union has failed to defend and/or refused to reimburse and indemnity Smith & Wesson for its defense costs.

34.     By reason of the foregoing, defendant National Union has breached its obligations under the policies, and is liable to Smith & Wesson for money damages, costs and payments and all other sums incurred by Smith & Wesson or which may be incurred by Smith & Wesson, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

WHEREFORE, Smith & Wesson Corp. requests that this Court enter judgment in its favor and against defendant National Union:

(A)     declaring that defendant National Union must defend Smith & Wesson in the Firearms Litigation;

(B)     declaring that defendant National Union fully reimburse Smith & Wesson for all costs incurred to date in defending itself in the Firearms Litigation;

(C)     awarding money damages;

(D)  interest; and

(E)  ordering such further or different relief as this Court may deem just and proper.

July 23, 2004

                                             The Plaintiff
                                             SMITH & WESSON CORP.
                                             By Its Attorneys:

_____
Deborah D. Ferriter
 BBO No. 568179
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel:  (413) 781-2820
Fax:  (413) 272-6804

Of Counsel:

William J. Wright, Jr., Esq.
LAW OFFICES OF WILLIAM J. WRIGHT, JR.
37 Elm Street, Suite 5
Westfield, New Jersey 07090
(908) 233-5055

## EXHIBIT "A": NATIONAL UNION POLICIES

| Commercial Umbrella Policy Number | Policy Period |
|---|---|
| BE 932-60-70 | 6/1/97 – 6/1/98 |
| BE 932-17-35 | 6/1/96 – 6/1/97 |
| BE 309-79-28 | 6/1/95 – 6/1/96 |
| BE 309-12-95 | 6/1/94 – 6/1/95 |
| BE 309-12-13 | 6/1/93 – 6/1/94 |
| BE 308-61-75 | 6/1/92 – 6/1/93 |
| BE 308-29-39 | 6/1/91 – 6/1/92 |

## **EXHIBIT B: FIREARMS LITIGATION**

| Case Caption | Court |
| --- | --- |
| The City of Atlanta v. Smith & Wesson Corp., et al. | State Court of Fulton County, State of Georgia<br><br>Court of Appeals of Georgia |
| The City of Boston, The Boston Public Health Commission v. Smith & Wesson Corp., et al. | Commonwealth of Massachusetts, County of Suffolk, The Superior Court |
| Mayor Joseph P. Ganim and The City of Bridgeport v. Smith & Wesson Corp., et al. | Superior Court, Judicial District of Fairfield at Bridgeport<br><br>State of Connecticut<br><br>Supreme Court |
| The City of Camden v. Beretta U.S.A. Corp., et al. | Superior Court of New Jersey, Law Division, Camden County<br><br>United States District Court for the District of New Jersey |
| Camden County Board of Chosen Freeholders v. Beretta, U.S.A. Corp., et al. | United States District Court for the District of New Jersey, Camden Vicinage<br><br>United States Court of Appeals for the Third Circuit |
| Anthony Ceriale, Special Administrator of the Estate of Michael Ceriale, individually and on behalf of a class of similarly situated persons v. Smith & Wesson Corp., et al. | In the Circuit Court of Cook County, Illinois, County Department, Law Division<br><br>In the Appellate Court of Illinois First District- Third Division<br><br>In the Supreme Court of Illinois |

9

| Case Caption | Court |
|---|---|
| City of Chicago and County of Cook v. Beretta U.S.A. Corp., et al. | In the Circuit Court of Cook County, Illinois, County Department, Chancery Division<br><br>In the Appellate Court of Illinois First Judicial Circuit |
| City of Cincinnati v. Beretta U.S.A. Corp., et al. | Court of Common Pleas, Hamilton County, Ohio, Civil Division<br><br>Supreme Court of Ohio |
| Mayor Michael R. White and The City of Cleveland v. Hi-Point Firearms, et al. | United States District Court for the Northern District of Ohio, Eastern Division |
| Dennis W. Archer, Mayor of the City of Detroit, and City of Detroit, a municipal corporation v. Arms Technology, Inc., et al. | State of Michigan, In the Circuit Court for the County of Wayne<br><br>Court of Appeals, State of Michigan |
| District of Columbia, a municipal corporation, and Bryant Lawson, and James Foster-el, Individually and as a personal representative of the Estate of Helen Foster-el, and Michelle Foster-el, Individually and as a personal representative of the Estate of Helen Foster-el, and Patrick H. Mahoney, Individually and as the legal representative of the Estate of Mary Caitrin Mahoney v. Beretta U.S.A. Corp., et al. | In the Superior Court for the District of Columbia, Civil Division |
| James Foster-el and Michelle Foster-el, Individually and as personal representatives of the Estate of Helen Foster-el v. Beretta U.S.A. Corp., et al. | In the Superior Court for the District of Columbia, Civil Division<br><br>In the United States District Court for Dist. of Columbia |

10

| Case Caption | Court |
|---|---|
| City of Gary, Indiana, by its Mayor, Scott L. King v. Smith & Wesson Corp., et al. | Lake Superior Court, Civil Division, Room 2, East Chicago:, Indiana<br><br>In the Indiana Court of Appeals |
| Gladys Gerena, Administratrix of the Estate of Shaun Johnson, Deceased, and Individually, Kenneth McLaughlin, III, v. Accu-Tek, et al. | United States District Court, Eastern District of New York |
| Hamilton, et al. v. Accu-Tek, et al. | United States District Court, Eastern District of New York |
| Monalisa Harris, Administratrix of the Estate of Sha'rron Robert Harris, Deceased, and Individually v. American Arms, Inc., et al. | United States District Court, Eastern District of New York |
| City of Jersey City v. Smith & Wesson Corp., et al. | Superior Court of New Jersey, Law Division, Hudson County |
| Thomas Johnson, Sr. Administrator of the Goods, Chattels and Credits Which Were of Thomas Johnson, Jr., Deceased v. Beemiller, Inc. d/b/a Hi-Point Firearms | United States District Court, Eastern District of New York |
| Tara LaCelle, an individual; Kelly Stewart, Mother of Tara LaCelle; and Kyle Miller, an individual v. Shatana Pole, et al. | In the District Court for the First Judicial District of the State of Idaho, In and For the County of Kootenai |
| The People of the State of California, by and through James K. Hahn, City Attorney of the City of Los Angeles, Legrand H. Clegg II, City Attorney of the City of Compton, Charles E. Dickerson III, City Attorney of the City of Inglewood, and Michael Jenkins, City Attorney of the City of West Hollywood; and The General Public by and through Legrand H. Clegg II, City Attorney of the City of Compton, Roosevelt Dorn, Mayor of the City of Inglewood and John Heilman, Mayor of the City of West Hollywood v. Arcadia Machine & Tool, et al. | Superior Court of the State of California, County of San Diego |

| Case Caption | Court |
|---|---|
| People of the State of California, *ex rel.* the County of Los Angeles, County of Los Angeles, on behalf of itself and the general public, and Gloria Molina, Zev Yaroslavsky and Yvonne Brathwaite Burke, Supervisors of Los Angeles County, on behalf of the general public v. Arcadia Machine & Tool, et al. | Superior Court of the State of California, County of San Diego |
| Patrick H. Mahoney, Individually, and as legal representative of the Estate of Mary Caitrin Mahoney v. Beretta U.S.A. Corp., et al. | In the Superior Court for the District of Columbia, Civil Division |
| Alexander Penelas, Mayor of Miami-Dade County, and Miami-Dade County, a Political subdivision of the State of Florida v. Arms Technology, Inc., et al. | In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida<br><br>In the District Court of Appeal of Florida, Third District<br><br>In the Supreme Court of Florida |
| National Association for the Advancement of Colored People, NAACP, v. American Arms, Inc., et al. | United States District Court, Eastern District of New York |
| Mayor Marc H. Morial, and The City of New Orleans v. Smith & Wesson Corp., et al. | Civil District Court for the Parish of Orleans, State of Louisiana, Division M<br><br>Supreme Court of Louisiana |
| The City of New York, Rudolph W. Guliani, Mayor of the City of New York, Peter F. Vallone, Speaker of the New York City Council, and The New York City Health and Hospitals Corporation v. B.L., Jennings, Inc., et al. | United States District Court for the Eastern District of New York |
| Mayor Sharpe James, and The City of Newark, New Jersey v. Arcadia Machine & Tool, et al. | Superior Court of New Jersey, Law Division, Essex County<br><br>United States District Court, District of New Jersey<br><br>Superior Court of New Jersey, Appellate Division |
| City of Philadelphia, Guardian Civic League of Philadelphia, Aspira, Inc. of Pennsylvania, Residents Advisory Board, Northeast Home and | United States District Court for the Eastern District of Pennsylvania |

| Case Caption | Court |
|---|---|
| School, Philadelphia Citizens for Children and Youth v. Beretta U.S.A. Corp., et al. | United States Court of Appeals for the Third Circuit |
| Iris Prosper, as Guardian ad Litem for Erica Prosper, Yessina Prosper, April Prosper, and Iris Prosper Individually v. Accu-Tek, et al. | United States District Court, Eastern District of New York |
| Kim Ricchueto, Administratrix of the Estate of Raymond M. Ricchueto, Deceased v. Beretta U.S.A. Corp., et al. | Supreme Court of the State of New York, County of Monroe |
| City of St. Louis, Missouri, A Municipal Corporation v. Henry J. Cernicek, et al. | In the Circuit Court of the City of St. Louis, Missouri, 22nd Judicial Circuit, Division 1<br><br>In the United States District Court for the Eastern District of Missouri<br><br>In the Circuit Court of the County of St. Louis, Missouri |
| The People of the State of California, by and through San Francisco City Attorney Louise H. Renne, Berkeley City Attorney Manuela Albuquerque, Sacramento City Attorney Samuel L. Jackson, San Mateo County Counsel Thomas F. Casey, III, Oakland City Attorney Jayne W. Williams, and East Palo Alto City Attorney Michael S. Lawson, Joe Serna, Jr., Mayor of Sacramento, the City of Berkeley, the City of Oakland, the City of East Palo Alto, and the County of Alameda, on behalf of the general public v. Arcadia Machine & Tool, Inc., et al. | Superior Court of the State of California, County of San Diego |
| Obrellia Smith, Special Administrator of the Estate of Salada Smith, Deceased, individually and on behalf of a class of similarly situated persons; Rasell Bowman, Special Administrator of the Estate of Willie Lee Lomax, III, Deceased, individually and on behalf of a class of similarly situated persons v. Navegar, Inc., d/b/a Intratec Firearms, et al. | In the Circuit Court of Cook County, Illinois, County Department, Law Division<br><br>In the Appellate Court of Illinois First District- Third Division |
| Janice Sweeting, as Administratrix of the Estate of Kyle Niger Sweeting, Deceased, and Individually v. A.A. Arms, Inc., et al. | United States District Court, Eastern District of New York |
| Laura Wallace, Individually and as representative | In the Superior Court for the District of |

| Case Caption | Court |
|---|---|
| of the Estate of Andre Wallace, and Madilia R. Marsh-Williams, Individually, and as representative of the Estate of Natasha Marsh, and Ahmad Vaughan, and Avery Blue, and Gregory Ferguson v. Beretta U.S.A. Corp., et al. | Columbia Civil Division |
| Edward H. McNamara, Wayne County Executive, John D. O'Hair, Wayne County Prosecuting Attorney, Ricardo Solomon, Chairman of the Wayne County Commission, Edna Bell, Chairman of the Public Safety Committee of the Wayne County Commission, Robert Blackwell, Wayne County Commissioner, Wayne County, a political subdivision of the State of Michigan v. Arms Technology, Inc., et al. | In the Circuit Court of Wayne County, Michigan<br><br>Court of Appeals, State of Michigan |
| Mayor James H. Sills, Jr., and The City of Wilmington v. Smith & Wesson Corp., et al. | In the Superior Court of the State of Delaware, In and For New Castle County |
| Stephen Young, Special Administrator of the Estate of Andrew Young, individually and on behalf of a class of similarly situated persons, Arlene Macias, Special Administrator of the Estate of Miguel Macias, individually and behalf of a class of similarly situated persons v. Bryco Arms, et al. | In the Circuit Court of Cook County, Illinois, County Department, Law Division<br><br>In the Appellate Court of Illinois First District- Third Division<br><br>In the Supreme Court of Illinois |